19

ADA

FILED IN OPEN COURT

SEP 28 2022

CHARLES R. DIARD, JR.
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM. NO. 22-CR-00052 |
| | * | USAO NO. 20R00205 |
| v. | * | |
| | * | VIOLATIONS: 18 USC § 1014 |
| DANNY LEE BEARD, JR. | * | 18 USC § 1343 |

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### INTRODUCTION

At times material to this indictment:

1. Town Country National Bank ("TCNB") was a financial institution within the meaning of Title 18, United States Code, Section 20. TCNB is headquartered in Camden, Alabama.

2. Sweet Water State Bank ("SWSB") was a financial institution within the meaning of Title 18, United States Code, Section 20. SWSB is headquartered in Sweet Water, Alabama.

3. HADDCO, LLC ("HADDCO") was a domestic limited liability company registered with the Alabama Secretary of State on January 21, 2011, organized by Danny Lee Beard, Jr., and its registration states that it is organized for the purpose of buying, selling, servicing, and trading vehicles, equipment and other goods, and any other line of business as it shall deem necessary.

4. Conserv Equipment Leasing, LLC ("Conserv") was a limited liability company registered with the Tennessee Secretary of State on March 17, 2015, and organized by George

1

M. Miller. Conserv is headquartered in Nashville, Tennessee and operates as a non-bank consumer lender.

5. Bank of Evergreen ("BoE") was a financial institution within the meaning of Title 18, United States Code, Section 20. BoE is headquartered in Evergreen, Alabama.

6. The U.S. Small Business Administration ("SBA") was created in 1953 as an independent agency of the executive branch of the federal government to aid, counsel, assist, and protect the interests of small businesses and to maintain and strengthen the overall economy of the United States. The SBA maintained and strengthened the nation's economy by, among other activities, enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. In executing its mission, the SBA provided direct loans to small businesses and those affected by disasters.

7. As part of the United States' response to the economic downturn caused by the COVID-19 pandemic, the SBA was authorized via the Coronavirus Aid, Relief, and Economic Security ("CARES") Act to make loans to afflicted businesses. The SBA administered several programs that were designed to assist businesses to weather the COVID-19 pandemic, including the Paycheck Protection Program ("PPP").

8. The PPP was a loan designed to provide a direct incentive for qualified small businesses to keep their workers on the payroll. Under this program, the SBA could forgive all or part of its loans if employees were kept on the payroll for eight weeks and borrowers submitted documentation confirming that the loan proceeds were used for certain qualifying business expenses (i.e., payroll, rent, mortgage interest, or utilities).

9. Interested applicants applied through an existing SBA lender or any other participating federally-insured financial institution. The PPP application process required

applicants to submit a Borrower Application Form through an SBA-approved financial entity. The application contained information as to the purpose of the loan, average monthly payroll, number of employees, and background of the business and its owner. Applicants were also required to make certain certifications, including that economic uncertainties had necessitated their loan requests for continued business operations, that they have paid all salaries and payroll taxes for employees, and that they intended to use loan proceeds only for the authorized purposes.

10. A PPP loan application must be processed by an SBA-authorized participating lender. If a PPP loan application is approved, the participating lender then funds the PPP loan using its own monies, which are 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, the listed number of employees, and paid salaries and payroll taxes, is transmitted by the lender to the SBA while processing the loan.

11. PPP loan proceeds must be used by the business on certain permissible expenses – payroll costs, interest on mortgages, rent, and utilities. The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds and uses a certain amount of the PPP loan proceeds on payroll expenses.

12. BoE is an authorized PPP lender that created and funded PPP loans for small businesses that were fully guaranteed and forgivable by the SBA under the provisions of the CARES Act.

13. The scheme to defraud set forth in this indictment involves two separate PPP loans which were obtained by fraudulent means and the proceeds of which were deposited into financial accounts owned and operated by the defendant, **DANNY LEE BEARD, JR.**

14. The first PPP loan was funded, including fees, in the indebtedness of seventy-four thousand two hundred seven dollars ($74,207), and the second PPP loan was also funded, including fees, in the indebtedness of seventy-four thousand two hundred seven dollars ($74,207).

15. In order to obtain the two PPP loans, the defendant falsely declared that he paid payroll taxes on all employees in PPP application forms. Proceeds from the second PPP loan were used by the defendant for personal expenses unrelated to payroll costs, rent/mortgage interest, utilities, and covered operational expenses.

16. Additionally, the defendant completed PPP application forms for the forgiveness of the first PPP loan, which was fraudulently obtained. The application process for both PPP loans and the application for forgiveness of the first PPP loan caused the transmission of multiple writings, signals, or sounds of some kind by means of wire, radio, or television communications in interstate commerce.

### Count One
### False Statement to a Federally Insured Institution
### Title 18, United States Code, Section 1014

17. The allegations in paragraphs 2 through 4 of this Indictment are realleged for Count One as though fully set forth herein.

18. On or about August 19, 2019, in the Southern District of Alabama, the defendant,

**DANNY LEE BEARD, JR.,**

knowingly made a false statement for the purpose of influencing the action of SWSB, an institution the accounts of which are insured by the Federal Deposit Insurance Corporation, in connection with a commercial loan application for fifty-one thousand six hundred five dollars and fifty-three cents ($51,605.53) for loan number ending in x4910, and as a part of the loan, the

defendant signed a Security Agreement certifying certain statements to include the ownership of the property pledged as collateral, to-wit: a 2011 JD 437D Loader, serial number 198286, and a 1999/2000 Freightliner, VIN 1FVXJJBB7YHF70596 (collectively, the "Property"). The defendant attested to the statement, "I represent that I own all of the Property. Your claim to the Property is ahead of the claims of any other creditor..." In addition, the defendant also agreed to the statement regarding selling the property, "I will not sell, offer to sell, lease, or otherwise transfer or encumber the Property without your prior written permission," when in truth and in fact, at the time of the loan the defendant did not own the 2011 JD 437D Loader, serial number 198286, and was planning to sell the 1999/2000 Freightliner on August 21, 2019, to Conserv.

In violation of Title 18, United States Code, Section 1014.

## Count Two
### False Statement to a Federally Insured Institution
### Title 18, United States Code, Section 1014

19. The allegations in paragraphs 1, 3, and 4 of this Indictment are realleged for Count Two as though fully set forth herein.

20. On or about November 15, 2019, in the Southern District of Alabama, the defendant,

**DANNY LEE BEARD, JR.,**

knowingly made a false statement for the purpose of influencing the action of TCNB, an institution the accounts of which are insured by the Federal Deposit Insurance Corporation, in connection with a commercial loan application for seventy-five thousand dollars ($75,000) for loan number ending in x3274, and as a part of the loan the defendant signed a Promissory Note and Security Agreement certifying certain statements to include the purpose of the loan. The defendant attested that the purpose of the loan was to purchase rental equipment, when in truth

and in fact, twenty-five thousand dollars ($25,000) of the funds were used for making payments on existing TCNB loans for William Ray Norris and Norris's wife.

In violation of Title 18, United States Code, Section 1014.

## Count Three
## Wire Fraud
## Title 18, United States Code, Section 1343

21. The allegations in paragraphs 3 and 5 through 16 of this Indictment are realleged for Count Three as though fully set forth herein.

22. From on or about April 3, 2020, and continuing to on or about April 15, 2020, within the Southern District of Alabama, the defendant,

**DANNY LEE BEARD, JR.,**

devised and intended to devise a scheme and artifice to defraud the United States, BoE, the SBA, and others, and to obtain money and property belonging to the United States, BoE, the SBA, and others, by means of materially false and fraudulent pretenses, representations, and promises.

### Purpose of the Scheme and Artifice

23. The purpose of the defendant's scheme and artifice was to enrich himself by diverting to his personal benefit money and property belonging to the United States, BoE, the SBA, and others.

### The Wire Communication

24. On or about April 3, 2020, in the Southern District of Alabama, and elsewhere, the defendant,

**DANNY LEE BEARD, JR.,**

for the purpose of executing the above-described scheme and artifice and attempting to do so, did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs

and signals, that is, the defendant caused an interstate wire communication when a false and fraudulent PPP loan application for defendant was submitted to BoE and the SBA.

All in violation of Title 18, United States Code, Section 1343.

## Count Four
## Wire Fraud
## Title 18, United States Code, Section 1343

25. The allegations in paragraphs 3 and 5 through 16 of this Indictment are realleged for Count Four as though fully set forth herein.

26. From on or about January 12, 2021, and continuing to on or about February 13, 2021, within the Southern District of Alabama, the defendant,

**DANNY LEE BEARD, JR.,**

devised and intended to devise a scheme and artifice to defraud the United States, BoE, the SBA, and others, and to obtain money and property belonging to the United States, BoE, the SBA, and others, by means of materially false and fraudulent pretenses, representations, and promises.

### Purpose of the Scheme and Artifice

27. The purpose of the defendant's scheme and artifice was to enrich himself by diverting to his personal benefit money and property belonging to the United States, BoE, the SBA, and others.

### The Wire Communication

28. On or about January 12, 2021, in the Southern District of Alabama, and elsewhere, the defendant,

**DANNY LEE BEARD, JR.,**

for the purpose of executing the above-described scheme and artifice and attempting to do so, did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs

and signals, that is, the defendant caused an interstate wire communication when a false and fraudulent PPP loan application for defendant was submitted to BoE and the SBA.

All in violation of Title 18, United States Code, Section 1343.

### Count Five
### Wire Fraud
### Title 18, United States Code, Section 1343

29.   The allegations in paragraphs 3 and 5 through 16 of this Indictment are realleged for Count Five as though fully set forth herein.

30.   From on or about May 10, 2021, and continuing to in or about June 2021, within the Southern District of Alabama, the defendant,

**DANNY LEE BEARD, JR.,**

devised and intended to devise a scheme and artifice to defraud the United States, BoE, the SBA, and others, and to obtain money and property belonging to the United States, BoE, the SBA, and others, by means of materially false and fraudulent pretenses, representations, and promises.

### Purpose of the Scheme and Artifice

31.   The purpose of the defendant's scheme and artifice was to enrich himself by diverting to his personal benefit money and property belonging to the United States, BoE, the SBA, and others.

### The Wire Communication

32.   On or about May 10, 2021, in the Southern District of Alabama, and elsewhere, the defendant,

**DANNY LEE BEARD, JR.,**

for the purpose of executing the above-described scheme and artifice and attempting to do so, did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs

and signals, that is, the defendant caused an interstate wire communication when a false and fraudulent PPP loan forgiveness application for defendant was submitted to BoE and the SBA.

All in violation of Title 18, United States Code, Section 1343.

## **FORFEITURE NOTICE**

The allegations in Counts One through Five of this Superseding Indictment are realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses set forth in this Superseding Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

If any of the property described above, because of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).

A TRUE BILL


FOREMAN UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF ALABAMA


SEAN P. COSTELLO
UNITED STATES ATTORNEY

*[signature]*

ANDREW D. ARRINGTON
Assistant United States Attorney

*[signature: Sean P. Costello by Kasee Heisterhagen]*

SEAN P. COSTELLO
Chief, Criminal Division                SEPTEMBER 2022